**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARIA ELENA LAGO JARDON,**<br>**A# 215 780 649, BY NEXT FRIEND**<br>**WILBERT MARTINEZ,** | § § § § § § § § § § § § § § § | |
| **Petitioner,** | | **SA-26-CV-01629-JKP** |
| **v.** | | |
| **WARDEN, Dilley Immigration Processing**<br>**Center, ET AL.,** | | |
| **Respondents.** | | |

**SHOW CAUSE ORDER**

Before the Court is a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Wilbert Martinez as "next friend" on behalf of Maria Elena Lago Jardon. (ECF No. 1). Lago Jardon is currently detained at the Dilley Immigration Processing Center. (*Id.*). Upon review, the Court orders that either Martinez or Lago Jardon, for the reasons stated herein, must show cause why the Petition should not be dismissed.

The § 2241 Petition, which seeks Lago Jardon's release from detention, was filed on her behalf by her nephew, Martinez, as "next friend." (ECF No. 1). Next–friend standing is available only when the "real party in interest is unable to litigate [her] own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990). The Court finds Martinez has not demonstrated standing to initiate this action on behalf of Lago Jardon. (ECF No. 1).

Martinez contends he has standing to act as next friend for Lago Jardon because she is detained and suffers from diabetes and hypertension. (*Id.*). The Court finds Martinez has failed to establish a legal basis for next–friend standing. *See Pressley ex rel. Gakou v. Warden of Pike Cnty.*

*Corr. Facility*, No. 25-cv-2160, 2025 WL 3232939, at *2 (M.D. Pa. Nov. 19, 2025) (finding that next friend lacked standing to assert claims on behalf of real party in interest suffering from "distress and confusion"). Lago Jardon's medical conditions are not the sort that would prevent her from filing a petition on her own behalf. Moreover, it cannot be said that Lago Jardon, by mere virtue of her detention, lacks access to this Court. She has the same access as other detainees who have filed petitions in this Court on their own behalf.

Importantly, even if Martinez could establish standing to bring this action as "next friend" on behalf of Lago Jardon, as a non–attorney he is prohibited from doing so. Section 1654 of Title 28 of the United States Code states that "[i]n all courts of the United States the parties may plead and conduct their own cases *personally or by counsel*." 28 U.S.C. § 1654 (emphasis added). Courts have interpreted this provision to comprehensively list all the ways that a party may appear in federal court. *Raskin on Behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) (citing *Gonzales v. Martinez*, 157 F.3d 1016, 1021 (5th Cir. 1998)). Thus, under § 1654, "'a party can represent [herself] or be represented by an attorney,' because § 1654 says [s]he can." *Id.* "On the other hand, [s]he 'cannot be represented by a nonlawyer,' because the statute does not include the phrase, 'or by a nonlawyer.'" *Id.* In summary, "[i]n federal court a party can represent [herself] or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales*, 157 F.3d at 1021. This mandate applies even in the next–friend context, i.e., a "non–attorney cannot represent another party, even if acting as a next friend." *Banks ex rel. Waymer v. Eddy*, 801 F. App'x 50, 51 (3d Cir. 2020) (per curiam) (collecting cases); *see Painter v. U.S. Att'y Gen.*, No. 08-cv-99, 2008 WL 1883460, at *1 (E.D. Tex. Apr. 25, 2008) ("Jack Painter does not state he has been admitted to the bar of this or any other court. . . . As a result, the court may not consider a pleading filed by Jack

2

Painter on behalf of Richard Painter."). Thus, Lago Jardon may represent herself in this matter, but she may not be represented by Martinez, a non–attorney; rather, Lago Jardon must represent herself or obtain counsel. *See Raskin*, 69 F.4th at 283; *Gonzales*, 157 F.3d at 1021.

**IT IS THEREFORE ORDERED** that **within fourteen (14) days of the date of this Order**, Wilbert Martinez or Maria Elena Lago Jardon must show cause why this case should not be dismissed.

**Petitioner Maria Elena Lago Jardon may respond to this show cause order by filing with this Court a signed and dated document stating that she adopts and ratifies the Petition and other pleadings filed on her behalf and intends to proceed *pro se* in this matter, that is, on her own behalf.**

**If the parties fail to comply with this Order, the Petition may be dismissed without prejudice by this Court without further notice for want or prosecution and failure to comply with this Court's Order. *See* FED. R. CIV. P. 41(b).**

**IT IS FURTHER ORDERED** that in addition to sending a copy of this Order to Maria Elena Lago Jardon at the Dilley Immigration Processing Center, the Clerk of Court shall send a copy of this Order to Wilbert Martinez by certified mail, return receipt requested, at the following address: 14300 Cornerstone Village Dr., Suite 126, Houston, Texas 77014.

It is so **ORDERED**.

SIGNED this 16th day of March, 2026.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE